UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MEDICAL INFLATABLE EXHIBITS, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5: 21-145-DCR |
| V. | ) ) | |
| KENTUCKYONE HEALTH, INC., | ) ) | |
| Defendant/Third Party Plaintiff, | ) ) | |
| V. | ) | **MEMORANDUM ORDER** |
| INTERACTIVE EXHIBITS, LLC, | ) ) | |
| Third Party Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Medical Inflatable Exhibits, Inc. ("MIE") initiated suit against Defendant KentuckyOne Health, Inc., (KentuckyOne) on May 26, 2021.  [Record No. 1] KentuckyOne then filed a third-party complaint against Interactive Exhibits, LLC ("Interactive Exhibits"). [Record No. 14] Interactive Exhibits subsequently initiated a bankruptcy proceeding related to this matter, resulting in an automatic stay of the proceedings.  [Record Nos. 43, 44; *see also* 11 U.S.C. § 362.]

MIE and KentuckyOne filed a joint stipulation of dismissal with prejudice regarding claims brought by the plaintiff against KentuckyOne, "and the remainder of the case without prejudice pursuant to Fed. R. Civ. P. 41." [Record No. 45]  The Court declined to dismiss the matter because the parties failed to indicate how KentuckyOne's third-party complaint was excepted from the automatic stay.  [Record No. 46] The parties then filed a second joint

- 1 -

stipulation of dismissal as to the plaintiff's claims, stating that the third-party claim "may be subject to the automatic stay." [Record No. 47]  The Court entered a dismissal Order, which did "not affect Defendant KentuckyOne's third-party claims against Third-Party Defendant Interactive Exhibits, LLC." [Record No. 48]  No action occurred in this matter for over a year.

On July 5, 2023, the Court directed the parties to file a status report regarding this case. [Record No. 49]  After the parties failed to respond, the Court directed the third-party plaintiff to show cause why its complaint should not be dismissed.  [Record No. 50]  KentuckyOne responded by filing a notice of voluntary dismissal of its third-party complaint.  [Record No. 51]

"Commencement of a [bankruptcy] suit automatically imposes a broad stay of other proceedings against the debtor and its property." *Chao v. Hospital Staffing Services, Inc.*, 270 F.3d 374, 382 (6th Cir. 2001).  But "[t]he automatic stay of the bankruptcy court does not divest all other courts of jurisdiction . . . that is in any way related to the bankruptcy proceeding." *Picco v. Global Marine Drilling Company*, 900 F.2d 846, 850 (5th Cir. 1990). "The Court . . . maintains jurisdiction to enter orders not inconsistent with the terms of the stay." *Main v. Kaspar*, No. SA-02-CA-0771, 2004 U.S. Dist. LEXIS 24407, at *2 (W.D. Tex. Dec. 6, 2004).

"The purpose of the statutorily mandated automatic stay is to protect both debtors and creditors while the bankruptcy court considers a debtor's bankruptcy petition." *Hamer v. Griffs*, No. 22-cv-12106, 2023 U.S. Dist. LEXIS 64257, at *4 (E.D. Mich. Apr. 5, 2023).  It "is designed to prevent a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." *Fidelity Mortg. Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 55 (2nd Cir. 1976).  "[T]he dismissal of a bankruptcy debtor from

a lawsuit does not violate the automatic bankruptcy stay." *Gallagher v. Sports Publishing, LLC*, No. 07-CV-2025, 2009 U.S. Dist. LEXIS 7892, at *6 (C.D. Ill. Feb. 4, 2009); *see also Hamer v. Griffs*, No. 22-12106, 2023 U.S. Dist. LEXIS 79266, at *2 (E.D. Mich. May 5, 2023) (agreeing that "even though there is an automatic stay in place because [the debtor] has filed for bankruptcy, [the debtor] can be dismissed as a defendant from this matter under well-established law"). "[T]he purposes of the Bankruptcy Code are in no way infringed by dismissal of the action against the bankrupt party without any additional cost or risk to the bankrupt party or its creditors." *Id.*

KentuckyOne seeks to voluntarily dismiss its third-party complaint. [Record No. 51] A third-party plaintiff has authority "to dismiss [its] complaint without prejudice and without the permission of either the adverse party or the court . . . before the defendant files an answer or a motion for summary judgment." *Aamot v. Kassel*, 1 F.3d 441, 443 (6th Cir. 1993) (citing Fed. R. Civ. P. 41(a)(1)). "Rule 41(a)(1) . . . is self-effectuating, leaving no basis upon which a District Court can prevent such a dismissal." *Id.* KentuckyOne filed its notice before the third-party defendant filed an answer or motion for summary judgment. *See id.* at 445. And dismissal here does not violate the purpose of the automatic bankruptcy stay. Accordingly, it is hereby

**ORDERED** that KentuckyOne Health, Inc.'s third-party complaint [Record No. 14] is **DISMISSED** without prejudice. This action is **STRICKEN** from the docket.

- 4 -

Dated: August 1, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky